PLEASE DATE STAMP
AND RETURN

### IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

LESLIE YAJAIRA AREVALO JAIME
1300 Evans Trail, Apartment 101
Beltsville, MD 20705

PLAINTIFF,

v.

PRINCE GEORGE'S COUNTY, MARYLAND

Serve on:
M. Andree Green
County Attorney
14741 Governor Oden Bowie Drive
Room 5121
Upper Marlboro, MD 20772

And

OFFICER RYAN MACKLIN (#3705)
*Individually and in his official capacity as a Prince George's County Police Officer*
3300 E West Highway Apt. 540
Hyattsville, MD 201782

DEFENDANTS.

Case No. CAL 21-_____

### COMPLAINT AND JURY TRIAL DEMAND

COMES NOW, Plaintiff Leslie Yajaira Arevalo Jaime, by and through undersigned

counsel, file this Complaint and sues the Defendants, and in support thereof states as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter and all parties pursuant to Md.

Code, § 6-102 through § 6-103 of the Courts and Judicial Proceedings Article ("C.J.P.").

2.     Pursuant to C.J.P. § 6-201, venue in Prince George's County is proper.

### NOTICE

1

3.      On August 20, 2019, Plaintiff Leslie Yajaira Arevalo Jaime submitted a timely notice to Prince George's County, Maryland under the Local Government Tort Claims Act.

PARTIES

4.      Plaintiff Leslie Yajaira Arevalo Jaime is an adult citizen of the State of Maryland, residing at 1300 Evans Trail, Apt. #101, Beltsville, Maryland 20705.

5.      Defendant Prince George's County, Maryland is a municipal corporation organized under the provisions of Art. XI-A of the Maryland Constitution.  At all times mentioned, Defendant Prince George's County employed the individual defendant as a police officer.

6.      Defendant Officer Ryan Macklin (#3705) was, at all relevant times, employed as a Prince George's County police officer and acted in his official capacity as such.

FACTUAL BACKGROUND

7.      On October 11, 2018, Plaintiff was 32 years old, and she is the mother of four children.

8.      At the time, she worked in the flooring industry. Her employer had a job to replace the flooring in a restaurant in Hyattsville, Maryland. To avoid interruptions with the restaurant's business, her employer was going to replace the flooring overnight. She was on her way to the work site driving in Hyattsville, Maryland.

9.      On Thursday, October 11, 2018, Defendant Macklin was working during his shift as a patrol officer for the Prince George's County Police force. He was on duty, in uniform, and driving a marked police cruiser. At the time, Defendant Macklin was assigned to patrol and assigned to District III, which is based on Landover.

2

10.     Defendant Macklin was outside of his patrol beat and his assignment in District III District when he encountered Plaintiff.

11.     Defendant Macklin's patrol car was initially driving adjacent to her vehicle and eventually he slows and falls behind her vehicle and, after about half a mile of following her, he activates his emergency equipment to stop her vehicle.

12.     Plaintiff had not committed any crimes or traffic violations to warrant a traffic stop.

13.     Defendant Macklin did not have probable cause or reasonable suspicion to justify this unlawful and illegal traffic stop and detention.

14.     Macklin executed this traffic stop outside of his patrol district. The traffic stop occurred in the District I. Upon information and belief, Defendant Macklin was assigned to patrol duties in District 3. When Defendant Macklin activated his emergency equipment on his patrol vehicle, however, he executed this traffic stop on University Boulevard near Langley Park, which is located in District I.  Defendant Macklin was miles outside of his assigned patrol area and assigned district.

15.     Plaintiff asked Defendant Macklin why she was stopped, and Defendant Macklin accused her of using her cell phone.  Plaintiff told Defendant Macklin that she did not use her phone.

16.     Defendant Macklin's statement and reason for executing this traffic stop was false, a misrepresentation, and a pretext for targeting a woman who was driving alone at night for purposes of sexually assaulting her.

3

17.     Plaintiff produced her Maryland license and registration for Defendant Macklin, who moved to the driver's side of the vehicle and put his hand on Plaintiff's breast.  Shocked, Plaintiff moved and asked "what are you doing?"

18.     Defendant Macklin replied "You don't know what I have to do" and "You have to follow me."

19.     Defendant Macklin then ordered Plaintiff to drive her vehicle behind a nearby store. During this time, Plaintiff called a co-worker out of confusion and fear who told Plaintiff that he would meet her at the scene.

20.     Behind the store, Defendant Macklin, still wearing his uniform and weapon, violently grabbed Ms. Arevalo Jaime's head and physically forced her to perform fellatio on him. He stated, "I can do whatever I want," as Ms. Averalo Jaime cried and felt numb and alone.

21.     Plaintiff pleaded with Defendant Macklin to stop his assault. At this time, Defendant Macklin indicated he intended to engage in sexual intercourse with Plaintiff, which was without her consent. Defendant Macklin escorted her to his police vehicle.

22.     Ms. Arevalo Jaime's coworker arrived on the scene as the Plaintiff was forced to follow the Defendant to his car.

23.     Defendant Macklin returned back to his marked Prince George's County police cruiser, returned a driver's license to Plaintiff, and left the scene. In his rush to flee after sexually assaulting Plaintiff, Officer Macklin mistakenly gave his own driver's license to Plaintiff, the woman he just sexually assaulted. Defendant Macklin's driver's license is depicted below:

4



24.     Ms. Averalo Jaime was and is obviously traumatized by this incident.

25.     In the wake of this sexual assault, Jennifer Donelan, the official spokesperson for the Prince George's County Police Department, made statements to the press that "he was on duty, in uniform, driving a marked cruiser, ***representing this agency*** and protecting the citizens of this community when this allegation was made":

> Police spokeswoman Jennifer Donelan confirmed Macklin was on duty at the time. "I actually can't tell you where it occurred, but he was on duty, in uniform, driving a marked cruiser, ***representing this agency*** and protecting the citizens of this community when this allegation was made," Donelan said, according to Fox 5.

James Hetherington, "Who Is Ryan Macklin? Maryland Police Officer in Custody After Allegedly Raping Woman During Traffic Stop," Newsweek (10/16/18) (last accessed 3/23/21), available at: https://www.newsweek.com/who-ryan-macklin-maryland-police-officer-custody-after-allegedly-raping-woman-1171712. These statements were authorized, approved and made within the scope of Donelan's employment for Prince George's County, Maryland.

**State Criminal Prosecution**

5

26.     On October 25, 2018, a Grand Jury sitting in Prince George's County, Maryland indicated Defendant Macklin with first-degree rape, second-degree rape, third degree sex offense, misconduct in office, and engaging in sexual contact with a person in his custody. *See State v. Macklin*, Case No. CT181406X (Circuit Court for Prince George's County, Maryland).

27.     As of the filing of this complaint, these charges are unresolved and remain pending.

### Concurrent Federal Investigation

28.     It is believed and alleged that, prior to the sexual assault of Plaintiff, Defendant Macklin victimized and exploited other women in a manner similar to what he did to Plaintiff.

29.     For example, on October 15, 2018, the Prince George's County Police Department issued a tweet from its office twitter account - @PGPDNews – soliciting help from the public "who may have had a similar experience with him." It provided: "Suspended PGPD officer charged with rape. Investigators would like to talk to anyone who has information on this officer or who may have had a similar experience with him. Please call investigators at 301-772-4795."

30.     For example, on August 16, 2019, the State and Defendant Macklin filed a joint motion requesting a continuance of the state criminal trial against Macklin explaining that the federal investigation "may result in additional interviews of potential witnesses":

> This case involves the allegations of a sexual assault and misconduct in office. There has also been a concurrent investigation in the federal system that has not yet concluded. The State and the Defense believe that this investigation may result in additional interviews of potential witnesses that will need to be provided to the State and the Defense.

(Jt. Mot. for Cont, at 1, 8/16/19).

6

31.     When this traffic stop occurred, it is believed and alleged that the Prince George's County Police Department and/or the Prince George's County tracked, monitored, and supervised the location of its police vehicles, including Officer Macklin's vehicle.

32.     It is believed and alleged the available information included contemporaneous location data for its police vehicles so supervisors could identify the precise location of a patrol vehicle, including Officer Macklin's vehicle.  It is believed and alleged these patrol vehicles – including Defendant Macklin's vehicle – were tracked and monitored for several reasons, including to determine which police vehicles were in closest proximity to respond to calls for service and to confirm officers were actually doing their jobs.

33.     It is further believed and alleged that, had the Prince George's County Police properly supervised Macklin, the sexual assault of Plaintiff would not have occurred.

## COUNT I
### Battery
### (Plaintiff v. Defendant Macklin)

34.     Plaintiff hereby adopts and incorporates by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

35.     Plaintiff was intentionally touched in a harmful and offensive manner by Defendant Macklin when he sexually assaulted her during a traffic stop.

36.     Plaintiff did not give Defendant Macklin consent to touch her in that or any other manner.

37.     As a direct and proximate result of Defendant's unlawful battery, Plaintiff suffered physical and emotional injuries.

38.     Defendant's actions were undertaken deliberately, with ill-will, and actual malice.

WHEREFORE, Plaintiff demands judgment against Defendant Macklin in an amount to be determined at trial, but, pursuant to Md. Rule 2-305, the amount sought exceeds $75,000, plus interest, costs, and punitive damages against Defendant Macklin in an amount to be determined at trial, but no less than ten million dollars, plus interest and costs and such further relief as this Honorable Court deems just and proper under the circumstances.

**COUNT II**
**Violation of Article 24 of the Maryland Declaration of Rights**
**(Plaintiff v. Defendant Prince George's County, MD and Macklin)**
**(Restatement of Agency (Second) § 219(2)(d))**
**(Excessive Force / Sexual Assault)**

39.     Plaintiff hereby adopts and incorporates by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

40.     By the actions detailed above, Defendants deprived Plaintiff of her rights under Article 24 of the Maryland Declaration of Rights, including but not limited to, deprivation of liberty without due process of law, freedom from unlawful seizure, and right to bodily integrity.

41.     Defendants, at all times relevant hereto, acted under color of State law and in a manner that was not objectively reasonable, when Defendant Macklin improperly deprived Plaintiff of her freedom of movement, liberty, and bodily integrity when he improperly seized Plaintiff using excessive force by sexually assaulting here causing Plaintiff to sustain physical and emotional injuries, all with malicious intent and without proper justification or probable cause.

42.     Section 219(2)(d) of the Restatement of Agency makes an employer like Prince George's County vicariously liable for sexual harassment by an employee who uses apparent authority or who has "aided in accomplishing the tort by the existence of the agency relation." RESTATEMENT OF AGENCY (Second) § 219(2)(d).

8

43.     Defendant Macklin was aided in sexually assaulting Plaintiff during a traffic stop based on his employment as a sworn police officer with the Prince George's County Police Department. Specifically, he was able to accomplish this sexual assault based on the power conferred by his employment, his arrest powers, his investigative powers, his status as a sworn law enforcement officer, and the tools provided by his employment, including his patrol vehicle, his uniform and badge, and his service firearm.

44.     Defendant Macklin's employment allowed him to perform an illegal traffic stop and detain Plaintiff, it allowed him to enter her vehicle under the guise of his law enforcement authority, and it allowed him to order Plaintiff to move her vehicle to more secluded location to facilitate the sexual assault.  Additionally, his law enforcement powers and his service firearm aided him in accomplishing this sexual assault because – beyond the actual force applied – it also carried the implicit threat of illegal imprisonment, false charges, and other ways to punish Plaintiff without due process of law.

45.     As a direct and proximate result of the conduct and actions of Defendants, Plaintiff suffered damages, consciously experienced pain and suffering, humiliation, and embarrassment, all to her detriment.

46.     Prince George's County, Maryland is vicariously liable for all such actions taken by its police officers, which were undertaken deliberately and with actual malice.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount to be determined at trial, but, pursuant to Md. Rule 2-305, the amount sought exceeds $75,000, plus interest, costs, and punitive damages in an amount to be determined at trial, but no less than ten million dollars, plus interest and costs and such further relief as this Honorable Court deems just and proper under the circumstances.

9

**COUNT III**
**Violation of Article 26 of the Maryland Declaration of Rights**
**(Plaintiff v. Defendant Prince George's County, MD and Macklin)**
**(Restatement of Agency (Second) § 219(2)(d))**
**(Excessive Force / Sexual Assault)**

47.     Plaintiff hereby adopts and incorporates by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

48.     Defendants did cause Plaintiff to be deprived of his rights under Article 26 of the Maryland Declaration of Rights to be free from unreasonable search and seizure, when they physically assaulted her, stopped her, and seized her without the necessary reasonable suspicion.

49.     Defendants, at all times relevant hereto, acted in a manner that was not objectively reasonable, when they improperly deprived Plaintiff of his freedom of movement, liberty, and bodily integrity when Officer Macklin improperly stopped and seized Plaintiff, causing Plaintiff to sustain physical and emotional injuries all with malicious intent and without proper justification or probable cause.

50.     Section 219(2)(d) of the Restatement of Agency makes an employer like Prince George's County vicariously liable for sexual harassment by an employee who uses apparent authority or who has "aided in accomplishing the tort by the existence of the agency relation." RESTATEMENT OF AGENCY (Second) § 219(2)(d).

51.     Defendant Macklin was aided in sexually assaulting Plaintiff during a traffic stop based on his employment as a sworn police officer with the Prince George's County Police Department. Specifically, he was able to accomplish this sexual assault based on the power conferred by his employment, his arrest powers, his investigative powers, his status as a sworn law enforcement officer, and the tools provided by his employment, including his patrol vehicle, his uniform and badge, and his service firearm.

10

52.     Defendant Macklin's employment allowed him to perform an illegal traffic stop and detain Plaintiff, it allowed him to enter her vehicle under the guise of his law enforcement authority, and it allowed him to order Plaintiff to move her vehicle to more secluded location to facilitate the sexual assault.  Additionally, his law enforcement powers and his service firearm aided him in accomplishing this sexual assault because – beyond the actual force applied – it also carried the implicit threat of illegal imprisonment, false charges, and other ways to punish Plaintiff without due process of law.

53.     As a direct and proximate result of the conduct and actions of Defendants, Plaintiff suffered damages, consciously experienced pain and suffering, humiliation, and embarrassment, all to her detriment.

54.     Prince George's County, Maryland is vicariously liable for all such actions taken by its police officers, which were undertaken deliberately and with actual malice.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount to be determined at trial, but, pursuant to Md. Rule 2-305, the amount sought exceeds $75,000, plus interest, costs, and punitive damages as against all Defendants in an amount to be determined at trial, but no less than ten million dollars, plus interest and costs and such further relief as this Honorable Court deems just and proper under the circumstances.

**COUNT IV**
**Violation of 42 U.S.C. § 1983**
**(Excessive Force)**
**(Plaintiffs v. Defendant Macklin, in his Individual Capacity)**

55.     Plaintiff hereby adopts and incorporates by reference the allegations contained in all of the paragraphs of this Complaint as though set forth fully herein.

11

56.     This cause of action is to redress the deprivation under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to the plaintiffs by the Fourth and Fourteenth Amendment to the United States Constitution.

57.     Macklin, at all relevant times to this complaint, worked as a law enforcement officer with the Prince George's County Police Department.

58.     Based on the allegations above, Macklin, acting in his individual capacity, acted under color of State law and deprived Plaintiff of his clearly established rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution, said rights including, but not limited to the right to be free from excessive force; the right to be free from unreasonable seizures; freedom to be secure in one's person from unreasonable seizures; freedom from the deprivation of liberty without due process of the law; and freedom from the abuse of power by the police.

59.     Plaintiff had a protected property and liberty interest in his freedom, his ability to exercise his free will and domain over his person, to bodily integrity and personal security, and his ability to be free from unlawful and unwelcome seizure by the police.

60.     Macklin deprived Plaintiff of these liberties and rights when he sexually assaulted Plaintiff.

61.     As a proximate result of the aforesaid acts, Defendant Macklin deprived the Plaintiff of her rights under the Fourth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount to be determined at trial, but, pursuant to Md. Rule 2-305, the amount sought exceeds $75,000, plus interest, costs, attorney's fees, and punitive damages as against all Defendants in an amount to be

12

determined at trial, but no less than ten million dollars, plus interest and costs and such further relief as this Honorable Court deems just and proper under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter a judgment against all Defendants as follows:

(A)    Awarding Plaintiff monetary damages against all Defendants, individually, jointly and severally, in an amount to be determined at trial, but, pursuant to Md. Rule 2-305, the amount sought exceeds $75,000;

(B)    Awarding Plaintiff her costs and expenses in this litigation.

(C)    Awarding Plaintiff all interest allowable under law.

(D)    Awarding Plaintiff punitive damages as against the individual Defendant in an amount to be determined at trial, but no less than ten million dollars, plus interest and costs.

(E)    Awarding such other relief as the Court deems just and proper

## JURY DEMAND

Plaintiff requests a trial by jury for all issues so triable.

Timothy F. Maloney

13

Respectfully submitted,

By: _Timothy Maloney / VS_
Timothy F. Maloney, CPF No. 8606010245
tmaloney@jgllaw.com
Matthew M. Bryant, CPF No. 0712110104
mbryant@jgllaw.com
JOSEPH, GREENWALD & LAAKE, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
Phone: (301) 220-2200
Fax: (301) 220-1214

Victor Ramirez, Esq., CPF No. 0112120223
attyvictorr@gmail.com
Law Office of Victor R Ramirez, LLC
5309 Baltimore Avenue
Hyattsville, MD, MD 20781
(301) 434-3380

*Counsel for Plaintiffs*

14